IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE BERMUDEZ and ALEXANDER PALOS, | ) ) |
| Plaintiffs, | ) ) |
| VS. | ) NO. 17 CV 6933 ) |
| CUBICLE CONCEPTS, LLC, and ANDREW OZIEMBLE, INDIVIDUALLY, | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS
<u>PLAINTIFFS' FIRST AMENDED COMPLAINT</u>**

NOW COME DEFENDANTS, CUBICLE CONCEPTS, LLC, and ANDREW OZIEMBLE, by and through their attorney, RONALD H. BALSON, and move this court pursuant to the Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs' First Amended Complaint for failure to state a claim upon which relief can be granted, and in support thereof states as follows:

1. Defendants have been served with a Complaint and then a First Amended Complaint. This is their first responsive pleading. The First Amended Complaint is so devoid of facts and details that it does not comply with Fed.R.Civ.Pro. 8(a)(2), in that it does not provide a short and plain statement of the claim showing that any of the Plaintiffs are entitled to relief. Because it is so devoid of facts and details, it does not state a claim upon which relief can be granted.

2. The allegations in Plaintiffs' First Amended Complaint do not even rise to the level of bare minimum. Factual allegations are contained in only two sentences: one that states that Plaintiffs were employed and the other that merely states: "on a regular basis worked in excess of forty hours in a work week." The First Amended Complaint does not distinguish between the Plaintiffs, does not provide any information about when the Plaintiffs were employed or the duration of their employment, does not identify the days of the week in which one or more Plaintiffs allege to have worked, does not identify the number of hours allegedly worked in any such week, and does not provide the total number of hours alleged for any or all of the Plaintiffs. The decisions in this circuit are clear and settled: conclusory allegations do not meet federal pleading standards and must be dismissed.

3. As set forth in the similar case of *Wilson v. Pioneer Concepts, Inc.,* 2011 WL 3950892 at *1, a case coincidentally filed by Plaintiffs' attorney with strikingly similar allegations, the court held:

> "Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, the complaint must describe the claim in sufficient detail to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Citing: *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)*." (Emphasis added)

4. Because the complaint in *Wilson* was similarly devoid of necessary facts, the court reasoned:

> "However, "[w]here the well-settled pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but is has not 'show[m]' 'that the pleader is entitled to relief.'" Citing: (*Ashcroft v. Iqbal,556 U.S. 662, 679, 129* S.CT. 1937, 1950, 173 L.Ed2d 868 (2009) (*Iqbal*)." *Id.* at *1.

5. The *Wilson* court was very clear:

"For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. Citing: *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) (*Brooks*) (quoting *Twombly.* 550 U.S. at 556)." *Id.* at *1.

6. The Seventh Circuit has summarized the requirements of a well pleaded complaint as follows:

"First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks* at p.581.

7. Allegations lacking in specifics are insufficient under *Twombly* and its progeny. The *Wilson* court noted that following factual deficiencies:

"As an initial matter, Wilson's vague allegations regarding Pioneer's employment of persons "including the name Plaintiff" do not clearly state that Wilson, herself, was forced to work without pay over any of her lunch breaks or that she, herself, worked any hours for which she was not compensated as a result of Pioneer's alleged rounding policy. <u>Nor does Wilson allege that she worked more than forty hours in any given week, much less when those hours were worked or how many overtime hours she worked without proper compensation</u>. Instead, she merely asserts that she and others were employed by Pioneer and that unidentified employees (not necessarily including Wilson) worked overtime without pay. Thus, Wilson fails to allege fact sufficient to state a plausible claim that Pioneer violated her rights under the FLSA." *Wilson* at *2. (Emphasis Added)

8. Affirming a motion to dismiss in a similar matter, the Seventh Circuit recently noted in *Girolamo v. Community Physical Therapy & Assoc. Ltd.,* 2016 WL 2909649:

"Many courts in this District have dismissed claims supported only by conclusory allegations. For example, in *Robertson v. Steamgard,* the plaintiff's complaint <u>alleging simply that he regularly worked more than 40 hours per week but was not paid the proper overtime premium was held to be insufficient to survive a motion to dismiss.</u> *Robertson v. Steamgard,* No. 11-cv-08571, 2012 WL 1232090, at *1 (N.S. Ill. Apr. 12, 2012) ("Brevity is laudable, but can be taken too far. The factual allegations in the complaint are exceptionally terse and

3

do not enable the reader of the complaint to understand any of the factual underpinnings of the claims."). (Emphasis Added)

9. The *Girolamo* court also noted that in *Butler v. East Lake Mgmt. Grp., Inc.,* 2012 WL 2115518, at *e-5 (N.D. Ill. June 11, 2012), the allegations were insufficient when they alleged:

"frequently" work[ed] overtime hours in excess of forty hours in a work week" and that the defendant "did not compensate [him] for all the overtime worked on call." (substitutions in original).

10. Likewise, a complaint alleging that the plaintiff regularly worked more than 40 hours a week but was not paid an overtime premium for the additional hours was found insufficient to state an FLSA claim in *Silver v. Townstone Fin., Inc.,* 2015 WL 1259507, at *2 (N.D. Ill. Mar. 17, 2015).

11. The *Girolamo* court held that it was significant that the complaint failed to provide examples or even estimates of unpaid time, and was thus deficient. Here the First Amended Complaint is totally devoid of examples or any facts whatsoever.

12. The statement: "regularly worked hours over 40 in a week and were not compensated for such time'---is one of those borderline phrases. Standing alone, the quoted language is little more than a paraphrase of the statute." *Pruell v. Caritas Christi,* 678 F.3d 10, 13 (1st cir. 2012).

13. Defendants are currently involved in investigating a fraud in which CUBICLE is a victim. With regard to a certain job and a certain job site, numerous time cards were fraudulently prepared and/or the signatures forged, defrauding the company of tens of thousands of dollars. That situation is presently under investigation. Given that the possibility that a compulsory counterclaim exists, and in order to distinguish the fraudulent claim from the Plaintiffs' claims, it is essential that each Plaintiff identify the job, the job site, the days he claims

4


to have worked and the number of hours on each such date. Finally, it is essential that Defendants know the starting and end date for each Plaintiff.

13. In conclusion, it is clear from the foregoing that Plaintiffs' First Amended Complaint fails to provide sufficient factual detail, fails to state a claim upon which relief can be granted and cannot survive a motion to dismiss.

WHEREFORE, Defendants move that the First Amended Complaint be dismissed.

RESPECTFULLY SUBMITTED:

CUBICLE CONCEPTS, LLC and
ANDREW OZIEMBLE, Individually


BY: \_\_\_/s/ Ronald H. Balson_____
      RONALD H. BALSON
      Their Attorney

RONALD H. BALSON
STONE POGRUND & KOREY LLC
1 E. Wacker Drive, Suite 2610
Chicago, IL 60601
Phone: (312) 782-3636
Email: rbalson@spklaw.com
Attorney I.D. 0105074

5

K:\Cubicle Concepts\Cubicle Concepts ads. Jose Bermudez\Pleadings\Def. Mot. to Dismiss. Final.docx